Staples J.
delivered the opinion of the court.
The court is of opinion that the contract between William L. Carter and the appellant Charles I). Mott, for the sale of the land in the bill mentioned, was entered into with reference to Confederate treasury notes as a standard of value; and that the fair value of said land at the date of the contract furnishes the most just measure of recovery in this ease.
The court is further of opinion that the Circuit court did not err in fixing said value at five dollars per acre. The Circuit court, however, instead of leav *130 ing the amount of plaintiff’s recovery to be settled by the parties, ought to have determined the same itself, or through the agency of one of its commissioners. That amount is easily ascertained by a simple calculation. The tract being estimated at five dollars per acre, the sum total of the purchase money would be six hundred and seventy dollars. The vendee having paid a sum equal to one-third, there is still due the sum of four hundred and forty-six dollars and two-thirds cents, to which the plaintiff is entitled, with interest thereon from the 1st day of January 1863.
The court is further of opinion that in a suit by the personal representative of the vendor against the vendee, to enforce the lien for unpaid purchase money, if the legal title has not been made, the heirs of the vendor ought to be made parties before a decree is rendered for the sale of the property. In this case it does not appear that a conveyance has been made to the vendee. In his answer the objection was explicitly made for the want of proper parties; but the objection was disregarded. In thus proceeding to direct a sale of the land before the heirs of the vendor were brought before the court, the'Circuit court erred. Inasmuch, however, as only the naked legal title is outstanding in said heirs, and there is no pretense of any obstacle or difficulty in obtaining said title, the decree of the Circuit court may be so amended as to require that said heirs by some proper proceeding shall be brought before the court before any sale is made under said decree. As thus amended the decree is affirmed, with costs to the appellee, he being the party substantially prevailing in all the matters of controversy before this court.
Decree amended and aííirmed.